UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-22232-BLOOM/Valle

**GENNI GONZALEZ,**

    Plaintiff,

v.

**THE PALMS OF SOUTH BEACH, INC.,**
a Florida corporation, d/b/a **THE PALMS
HOTEL & SPA,**

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**

This matter is before the Court upon Defendant, The Palms of South Beach, Inc. d/b/a The Palms Hotel & Spa's Motion to Dismiss and Motion to Strike, ECF No. [5]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

On June 17, 2014, Plaintiff Genni Gonzalez ("Gonzalez") initiated an action in this Court against Defendant The Palms of South Beach, Inc. d/b/a The Palms Hotel & Spa ("Defendant") alleging race and gender discrimination cognizable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. *See* ECF No. [1]. The instant litigation arises out of Gonzalez's nearly eight-year employment with Defendant and subsequent termination on March 7, 2013. *Id.* at ¶ 4. Gonzalez asserts that the first five years of her

employment were unremarkable, containing no instances of discrimination or disparate treatment. *Id.* at ¶ 9. It was not until the hiring of a new general manager, Nestor Marchand, that Gonzalez began to have issues. *Id.* at ¶ 10. Beginning at some point in the final two years of her employment, Mr. Marchand began to evince feelings of discrimination towards Gonzalez, subjecting her to disparate treatment, singling her out for unsubstantiated allegations of misconduct and performance issues, and making inappropriate, derogatory remarks regarding her race. *Id.* at ¶¶ 10, 12, 18. On March 7, 2013, Gonzalez was terminated, allegedly due to the fact that her official position was being eliminated as a result of budget constraints. *Id.* at ¶ 11.

Shortly after her termination, Gonzalez filed a Charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon race and gender. *Id.* at 9. After conducting an investigation, the EEOC determined that it was unable to conclude that the evidence established a violation of the relevant statutes, and granted Gonzalez the right to sue on March 21, 2014. *Id.* at 12.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

### III. DISCUSSION

Defendant asserts three arguments in its motion: (1) that Gonzalez has improperly commingled her authority and failed to plead each claim individually; (2) that Gonzalez has failed to exhaust her administrative remedies with regard to certain claims presented in the Complaint; and (3) that the Complaint contains baseless and highly prejudicial assertions that have no bearing on her claims. *See* ECF No. [5]. Defendant's first argument alleges that Gonzalez has inappropriately blended her Title VII claims with that of § 1981, arguing that this commingling merits the dismissal of the Complaint. *Id.* at 4. However, in her Response, Gonzalez has conceded the inappropriateness of this amalgamation and consents to striking the out of place references. *See* ECF No. [6] at 3. Accordingly, the Court respectfully declines to dismiss Gonzalez's Complaint. Instead, the Court will strike the ill-placed references, granting Gonzalez leave to amend her Complaint in order to parse those claims brought under Title VII from those brought pursuant to § 1981. As a result of this decision, Defendant's Motion to Dismiss is denied.

Moving to Defendant's second argument, paragraphs thirty-one and thirty-three of the Complaint contain allegations of retaliation, stating that Defendant "illegally retaliated against [Gonzalez]." ECF No. [1] at ¶¶ 31, 33. A claim under Title VII is subject to the exhaustion of

3

administrative remedies doctrine, that is, in order to timely pursue a Title VII claim, the aggrieved party must first file a charge with the EEOC before initiating a judicial complaint. *See* 42 U.S.C. § 2000e-5(e)(1); *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted); *see also Burgos-Stefanelli v. Napolitano*, 2010 WL 785802, at *8 (S.D. Fla. Mar. 5, 2010) (citation omitted). The subsequent judicial action is limited to the scope of the EEOC complaint. *See Burgos*, 2010 WL 785802, at *8 (citing *Sanchez v. Standard Brands, Inc.* 431 F.2d 455 (5th Cir. 1970)).[1] However, the scope is not so strictly limited to exclude all claims not explicitly raised in the EEOC complaint; rather, the subsequent judicial complaint may encompass any discrimination *like or related to* the allegations found in the EEOC complaint. *Id.* In reality, "[c]ourts are extremely reluctant to bar Title VII claims based on procedural technicalities and will allow judicial claims that amplify, clarify, or more clearly focus the EEOC complaint allegations." *Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747, 749 (11th Cir. 2006) (quotation and citation omitted).

Defendant contends that Gonzalez failed to include any allegations of retaliation in her charge of discrimination filed with the EEOC, and, therefore, any allegations of the same are administratively barred. Gonzalez's charge of discrimination filed with the EEOC does not indicate that she was retaliated against at any time during her employment. *See* ECF No. [1] at 9. The form provides an aggrieved individual with boxes, instructing him/her to check all that apply. *Id.* One such box is meant to indicate that discrimination has occurred based on "retaliation." *Id.* Gonzalez did not check this box. *Id.* However, the Eleventh Circuit has indicated that the mere failure to mark the box for one claim does not preclude a judicial action based on such facts. *See Gregory*, 355 F.3d at 1280. While the factual proffer found in

---

[1] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

Gonzalez's EEOC charge does not specifically note any retaliatory actions, a reasonable EEOC investigator could conclude that that Gonzalez's allegations of disparate treatment, favoritism based on race, and other discrimination involved retaliation. *See id.* at 1280-81. When resolving an administrative exhaustion issue, the proper inquiry focuses on whether the judicial complaint "was like or related to, or grew out of, the allegations contained in [the] EEOC charge." *Id.* at 1280. Here, the Court is unable to conclude that a claim of retaliation is unrelated to those allegations presented in Gonzalez's EEOC charge. *See id*; *see also Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) ("As long as allegations in the judicial complaint and proof are reasonably related to charges in the administrative filing and no material differences between them exist, the court will entertain them." (internal quotation and citation omitted)); *Hillemann*, 167 F. App'x at 749 (stressing that courts are generally reluctant to bar Title VII claims on procedural technicalities). Accordingly, the Court declines to strike those references to retaliation found in Gonzalez's Complaint.

Finally, Defendant avers that paragraphs twenty-one and thirty-two of the Complaint contain baseless, highly prejudicial, and otherwise irrelevant allegations. ECF No. [5] at 6-7. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). These particular paragraphs allege that Defendant has engaged in other prohibited activities not directly related to the discrimination Gonzalez complains of, namely, that other women in Defendant's hotel have verbally complained about inappropriate sexual harassment and that Defendant has engaged in "other discriminatory practices." *See* ECF No. [1] at ¶¶ 21, 32. Under Rule 12(f) of the Federal Rules of Civil Procedure, "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v.*

5

*SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted). Moreover, a court's ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Although the indicated paragraphs may contain scandalous and inadmissible assertions, the Court is not inclined to strike such matters as wholly irrelevant. Paragraph twenty-one contains an additional allegation of Defendant's inappropriate treatment of women, and paragraph thirty-two contains allegations of other unknown discriminatory practices, both of which are at least minimally related to Gonzalez's claims of race and gender discrimination. Therefore, the Court declines to strike these paragraphs from the Complaint.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that

1. Defendant's Motion to Dismiss, ECF No. [5], is **DENIED**.

2. Defendant's Motion to Strike, also within ECF No. [5], is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to Plaintiff's commingling of her Title VII and § 1981 claims, but is **DENIED** with respect to the allegedly prejudicial assertions found in paragraphs twenty-one and thirty-two of the Complaint, as well as any of Plaintiff's claims for retaliation.

3. Plaintiff Gonzalez shall file an Amended Complaint complying with this Order

within **fourteen (14) days** of the entry of this Order or no later than August 22, 2014.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 8th day of August, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record